**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| SEMICONDUCTOR IDEAS TO THE MARKET BV, <br><br>     Plaintiff, <br><br> v. <br><br> (1)   TEXAS INSTRUMENTS INCORPORATED; <br> (2)   QUALCOMM INCORPORATED; <br> (3)   BROADCOM CORPORATION; <br> (4)   SAMSUNG ELECTRONICS AMERICA, INC.; <br> (5)   SAMSUNG TELECOMMUNICTIONS AMERICA, LLC; <br> (6)   AT&T INC.; <br> (7)   AT&T MOBILITY LLC; <br> (8)   NOKIA INC.; <br> (9)   DELL INC.; <br> (10)  APPLE INC.; <br> (11)  FORD MOTOR COMPANY; <br> (12)  BUFFALO TECHNOLOGY (USA), INC.; <br> (13)  AMAZON.COM, INC.; and <br> (14)  PANTECH WIRELESS, INC., <br><br>     Defendants. | CIVIL ACTION NO. 11-CV-451 <br><br> ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Semiconductor Ideas To The Market BV ("ItoM"), based on its personal knowledge with respect to itself and its own actions and based on information and belief as to all others and their actions, files this Original Complaint against the above-named defendants, alleging as follows:

## PARTIES

1. Plaintiff ItoM is a corporation organized under the laws of The Netherlands with a principal place of business in Eindhoven, The Netherlands.

2. Defendant Texas Instruments Incorporated ("TI") is a Delaware corporation with a principal place of business in Dallas, Texas. TI may be served with process by serving its registered agent: Joseph F. Hubach; 7839 Churchill Way, MS 3999; Dallas, Texas 75251.

3. Defendant Qualcomm Incorporated ("Qualcomm") is a Delaware corporation, with a principal place of business in San Diego, California. Qualcomm may be served with process by serving its registered agent: Prentice Hall Corp. System; 211 East 7th Street, Suite 620; Austin, Texas 78701-3218.

4. Defendant Broadcom Corporation ("Broadcom") is a California corporation, with a principal place of business in Irvine, California. Broadcom may be served with process by serving its registered agent: National Registered Agents, Inc.; 16055 Space Center, Suite 235; Houston, TX 77062.

5. Defendant Samsung Electronics America, Inc. ("Samsung Electronics") is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 105 Challenger Road; Ridgefield Park, NJ 07660. Samsung can be served with process by serving its registered agent: CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

6. Defendant Samsung Telecommunications America, LLC ("STA") is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 1301 East Lookout Drive; Richardson, Texas 75082-4124. STA can be served with process by serving its registered agent: Corporation Service Company; 211 East 7th Street, Suite 620; Austin, Texas 78701-3218.

7. Defendant AT&T Inc. is a corporation organized under the laws of Delaware, with a principal place of business at 208 S. Akard Street, Dallas, Texas 75202.

AT&T Inc. can be served with process by serving its registered agent:  CT Corporation System; 350 N. St. Paul St., Ste. 2900; Dallas, TX 75201-4234.

8. Defendant AT&T Mobility LLC ("AT&T Mobility") is a limited liability company organized under the laws of Delaware, with a principal place of business at 5565 Glenridge Connector, Ste. 510; Atlanta, Georgia 30342.  AT&T Mobility can be served with process by serving its registered agent:  CT Corporation System; 350 N. St. Paul St., Ste. 2900; Dallas, TX 75201-4234.

9. Defendant Nokia Inc. ("Nokia") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 6021 Connection Dr.; Irving, TX 75039-2607.  Nokia can be served via its registered agent for service of process: National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

10. Defendant Dell Inc. ("Dell") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 1 Dell Way, Round Rock, TX 78682-7000.  Dell can be served via its registered agent for service of process:  Corporation Service Company; 211 E. 7th Street, Suite 620; Austin, TX 78701-3218.

11. Defendant Apple Inc. ("Apple") is a corporation organized and existing under the law of the state of California, with a principal place of business located at 1 Infinite Loop, Cupertino, California 95014.  Apple can be served with process by serving its registered agent: CT Corporation System, 350 N. St. Paul Street, Suite 2900; Dallas, Texas 75201.

12. Defendant Ford Motor Company ("Ford") is a corporation organized and existing under the law of the state of Delaware, with a principal place of business located in Dearborn, Michigan.  Ford can be served with process by serving its registered agent: CT Corporation System, 350 N. St. Paul Street, Suite 2900; Dallas, Texas 75201.

13. Defendant Buffalo Technology (USA), Inc. ("Buffalo") is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business located in Austin, Texas.  Buffalo can be served with process by serving its registered agent:  Takayuki Nishioka; 11100 Metric Blvd., Ste. 750; Austin, Texas 78758.

14. Defendant Amazon.com, Inc. ("Amazon") is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business located in Seattle, Washington.  Under the Texas Long Arm Statute, as well as the Texas Business Corporations Act, Amazon can be served by serving the Secretary of State because Amazon is doing business in Texas but has not registered an agent for the service of process.  The address of Amazon's home, home office, and principal office is 410 Terry Avenue North; Seattle, Washington 98109-5210.

15. Defendant Pantech Wireless, Inc. ("Pantech") is a corporation organized and existing under the laws of the state of Georgia, with a principal place of business located in Atlanta, Georgia.  Under the Texas Long Arm Statute, as well as the Texas Business Corporations Act, Pantech can be served by serving the Secretary of State because Pantech is doing business in Texas but has not registered an agent for the service of process.  The address of Pantech's home, home office, and principal office is 5607 Glenridge Drive, Suite 500; Atlanta, GA 30342.

## JURISDICTION AND VENUE

16. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

17. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, each defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

18. Each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to

each defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,299,018

19. On November 20, 2007, United States Patent No. 7,299,018 ("the 018 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Receiver Comprising A Digitally Controlled Capacitor Bank." A true and correct copy of the 018 patent is attached hereto as Exhibit A.

20. ItoM is the owner of the 018 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 018 patent against infringers, and to collect damages for all relevant times.

21. TI directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Chipcon CC1101 product) that infringed one or more claims of the 018 patent, and/or TI induced infringement and/or contributed to the infringement of one or more of the claims of the 018 patent by its customers.

22. Qualcomm directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least QSC6270 and RTR6275 products) that infringed one or more claims of the 018 patent, and/or Qualcomm induced infringement and/or contributed to the infringement of one or more of the claims of the 018 patent by its customers.

23. Broadcom directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least BCM2055, BCM4328, and BCM4325 products) that infringed one or more claims of the 018 patent, and/or Broadcom induced infringement and/or

contributed to the infringement of one or more of the claims of the 018 patent by its customers.

24. Samsung Electronics and STA (collectively "Samsung") directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Galaxy Spica GT-i5700, Blackjack II SGH-i617, and Comeback SGH-T559 messaging phone products) that infringed one or more claims of the 018 patent, and/or Samsung induced infringement and/or contributed to the infringement of one or more of the claims of the 018 patent by its customers.

25. AT&T Inc. and AT&T Mobility (collectively "AT&T") directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Samsung Blackjack II SGH-i617, Apple iPhone 3GS, and Pantech Pursuit phone products) that infringed one or more claims of the 018 patent, and/or AT&T induced infringement and/or contributed to the infringement of one or more of the claims of the 018 patent by its customers.

26. Nokia directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least N95 products) that infringed one or more claims of the 018 patent, and/or Nokia induced infringement and/or contributed to the infringement of one or more of the claims of the 018 patent by its customers.

27. Dell directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least 1505 PCI Express WLAN Mini Card products) that infringed one or more claims of the 018 patent, and/or Dell induced infringement and/or contributed to the infringement of one or more of the claims of the 018 patent by its customers.

28. Apple directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems

(including at least Apple TV, iPod Touch 2nd Generation, iPhone 3GS, MacBook (2007), and MacBook Pro products) that infringed one or more claims of the 018 patent, and/or Apple induced infringement and/or contributed to the infringement of one or more of the claims of the 018 patent by its customers.

29.     Ford directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least SYNC products) that infringed one or more claims of the 018 patent, and/or Ford induced infringement and/or contributed to the infringement of one or more of the claims of the 018 patent by its customers.

30.     Buffalo directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least WLI-CB-G300N wireless network card products) that infringed one or more claims of the 018 patent, and/or Buffalo induced infringement and/or contributed to the infringement of one or more of the claims of the 018 patent by its customers.

31.     Amazon directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Kindle products) that infringed one or more claims of the 018 patent, and/or Amazon induced infringement and/or contributed to the infringement of one or more of the claims of the 018 patent by its customers.

32.     Pantech directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Pursuit phone products) that infringed one or more claims of the 018 patent, and/or Pantech induced infringement and/or contributed to the infringement of one or more of the claims of the 018 patent by its customers.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,072,614

33. On November 20, 2007, United States Patent No. 7,072,614 ("the 614 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Communication Device." A true and correct copy of the 614 patent is attached hereto as Exhibit A.

34. ItoM is the owner of the 614 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 614 patent against infringers, and to collect damages for all relevant times.

35. Qualcomm directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least QSC6270 products) that infringed one or more claims of the 614 patent, and/or Qualcomm induced infringement and/or contributed to the infringement of one or more of the claims of the 614 patent by its customers.

36. Samsung directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Comeback SGH-T559 phone products) that infringed one or more claims of the 614 patent, and/or Samsung induced infringement and/or contributed to the infringement of one or more of the claims of the 614 patent by its customers.

37. Nokia directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least N95 products) that infringed one or more claims of the 614 patent, and/or Nokia induced infringement and/or contributed to the infringement of one or more of the claims of the 614 patent by its customers.

38. Amazon directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Kindle products) that infringed one or more claims of the 614

patent, and/or Amazon induced infringement and/or contributed to the infringement of one or more of the claims of the 614 patent by its customers.

39. Pantech directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Pursuit phone products) that infringed one or more claims of the 614 patent, and/or Pantech induced infringement and/or contributed to the infringement of one or more of the claims of the 614 patent by its customers.

40. AT&T directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least Pursuit phone products) that infringed one or more claims of the 614 patent, and/or AT&T induced infringement and/or contributed to the infringement of one or more of the claims of the 614 patent by its customers.

## JURY DEMAND

ItoM hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

ItoM requests that the Court find in its favor and against defendants, and that the Court grant ItoM the following relief:

a. Judgment that one or more claims of the patents in suit have been infringed, either literally and/or under the doctrine of equivalents, by the defendants and/or by others to whose infringement defendants have contributed and/or by others whose infringement has been induced by defendants;

b. A permanent injunction enjoining defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing infringement of, or contributing to infringement of the patents in suit;

c. Judgment that defendants account for and pay to ItoM all damages to and costs incurred by ItoM because of defendants' infringing activities and other conduct

complained of herein;

      d.    That ItoM be granted pre-judgment and post-judgment interest on the damages caused by defendants' infringing activities and other conduct complained of herein;

      e.    That this Court declare this an exceptional case and award ItoM its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

      f.    That ItoM be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: September 13, 2011

Respectfully submitted,

  /s/  Matthew J. Antonelli
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
ANTONELLI, HARRINGTON & THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

Attorneys for Semiconductor Ideas To The Market, BV